IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–02221–DDD–MDB

DESTINY KEITH COLEMAN,

      Plaintiff,

v.

SCOTT BESSENT, SECRETARY OF THE TREASURY,
JAMES J. RIDGELL,
FRANK J. TISBY, JR.,
SIDNEY R. WHITE, and
CAROLYN J. THOMAS,

      Defendants.

---

**ORDER**

---

      This matter is before the Court on Plaintiff's Second Motion for Sanctions and Leave to Exceed Word Limit. (["Second Motion for Sanctions"], Doc. No. 147.) For the following reasons, the Second Motion for Sanctions is **DENIED in part and GRANTED in part**.

      First, Plaintiff moves to exceed the 4,000-word limit by nearly 1,000 words. The Court is not convinced that the additional length is necessary, but it will consider all of Plaintiff's arguments, and it therefore **GRANTS** the extension request.

      Second, Plaintiff moves for sanctions in connection with four allegedly false statements in the Motion to Dismiss the Consolidated Complaint, Doc. No. 134.

      (1) The first allegedly false statement by Defendants is: "[t]he only allegation from which the Court could conclude that Ridgell knew of any discrimination claim by Plaintiff

was September 30, 2023, when Ridgell allegedly had an 'interview' with an EEO counselor." (Doc. No. 134 at 10.) Plaintiff's arguments are similar to those he made in his first motion for sanctions (["First Motion for Sanctions"], Doc. No. 125), which concerned a substantially similar statement. (*See* Doc. No. 147 at 11 (Doc. No. 134 contains the same allegedly false statement which was the subject of the First Motion for Sanctions).) For the same reasons stated in the Court's Order at Doc. No. 127, the Court concludes this is not a sanctionable statement.

(2) The second allegedly sanctionable statement is: "Plaintiff makes no allegations that [the alleged hostile acts] interfered with his ability to do his work." (Doc. No. 134 at 12.) This is an argument about the sufficiency of the allegations in the complaint. It is not sanctionable.

(3) The third statement is: "Plaintiff does not plausibly allege causation for the other alleged retaliators (Tisby and White) because he does not allege that any of them knew of his protected activity." (*Id.* at 11.) This too is an argument about the sufficiency of Plaintiff's allegations. It appears the parties disagree about the scope of Plaintiff's protected activity, but such disagreement can be resolved in connection with the pending motion to dismiss and does not amount to a false or misleading factual statement.

(4) The fourth statement is: "Plaintiff complains that the December 5, 2025, letter clearing him was also sent to his union chapter president [. . . .] But that is not a personnel action because the December 5, 2025 letter cleared him, was sent in response to his email that cc'[d] the union chapter president." (*Id.* at 8.) Defendant's

statement is a legal argument that the Court can address in connection with the motion to dismiss, but it also does not amount to a false or misleading factual statement.

In short, none of Defendants' statements are sanctionable and the Court **DENIES** the remainder of Plaintiff's Second Motion for Sanctions. Additionally, Plaintiff is on notice that future motions for sanctions making the same or similar arguments and seeking the same or similar relief may be summarily stricken or denied without further explanation.

Moreover, and to the extent the Second Motion for Sanctions raises concerns about this Court's approach to Plaintiff's requests and to his First Motion for Sanctions, Plaintiff has already filed objections to this Court's rulings. (Doc. Nos. 128, 140.) In other words, any current grievances are already before the presiding judge, and any future grievances may also be raised via objection. Accordingly, the Court sees no reason to take further action on any such concerns or grievances.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff:

Destiny Keith Coleman
2007 East 6th Street
Pueblo, CO 81001

Dated this 15th day of June, 2026.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

3